UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

ALFIE JOSEPH,                                          **SECOND**
                                                       **AMENDED**
                            Plaintiff,                 **COMPLAINT**

      -against-                                        PLAINTIFF DEMANDS
                                                       TRIAL BY JURY
THE CITY OF NEW YORK, POLICE OFFICER
LUCAS HUERTAS, Shield #24598, SERGEANT                 14-CV-0132 (BMC)
RAY JENKINS, Shield #2400, POLICE OFFICER
ANTHONY AHWAL, Shield #1815, POLICE
OFFICERS JOHN/JANE DOE(S) #S 1-10,

                            Defendants.
_____X

      Plaintiff ALFIE JOSEPH, for his complaint, by his attorneys LAW OFFICE OF DAVID

A. ZELMAN, upon information and belief, respectfully alleges as follows:

## I. PRELIMINARY STATEMENT

1.      This is a civil rights action in which Plaintiff ALFIE JOSEPH (hereinafter "JOSEPH" or

        "Plaintiff") seeks damages to redress the deprivation, under color of state law, of rights

        secured to him under the Fourth, Fifth, and Fourteenth Amendments of the United States

        Constitution. On or about August 21, 2012 at approximately 11:00 A.M., JOSEPH was

        falsely arrested by employees of the City of New York, including but not limited to

        POLICE OFFICER LUCAS HUERTAS, Shield #24598, SERGEANT RAY JENKINS,

        Shield #2400, and POLICE OFFICER ANTHONY AHWAL, Shield #1815. As a result of

        the violation of his constitutional rights, JOSEPH suffered physical and mental injuries.

## II. JURISDICTION

2.      Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides

        for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and

by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the
Constitution and laws of the United States. This Court has pendant jurisdiction over
Plaintiff's state law claims.

## III. PARTIES

3.      JOSEPH at all times relevant hereto resided in Brooklyn, NY.

4.      Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation,
incorporated pursuant to the laws of the State of New York, which operates the New
York City Police Department (hereinafter "NYPD"), and as such is the public employer
of the Defendant officers herein.

5.      Defendant POLICE OFFICER LUCAS HUERTAS, Shield #24598 (hereinafter
"HUERTAS") was an NYPD police officer, and at all times relevant hereto, acted in that
capacity as agent, servant, and/or employee of Defendant CITY and within the scope of
his employment. HUERTAS is sued in his official and individual capacity.

6.      Defendant SERGEANT RAY JENKINS, Shield #2400 (hereinafter "JENKINS") was an
NYPD police officer, and at all times relevant hereto, acted in that capacity as agent,
servant, and/or employee of Defendant CITY and within the scope of his employment.
JENKINS is sued in his official and individual capacity.

7.      Defendant POLICE OFFICER ANTHONY AHWAL, Shield #1815 (hereinafter
"AHWAL") was an NYPD police officer, and at all times relevant hereto, acted in that
capacity as agent, servant, and/or employee of Defendant CITY and within the scope of
his employment. AHWAL is sued in his official and individual capacity.

8.      Defendants POLICE OFFICERS JOHN/JANE DOE(S) (hereinafter "DOE(S)") were
NYPD police officers, and at all relevant times hereto, acted in that capacity as agents,

2

servants, and/or employees of Defendant CITY and within the scope of their employment. DOE(S) are sued in their official and individual capacity.

9.      At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. <u>FACTS</u>

10.      On or about August 21, 2012, at approximately 11:00 A.M., JOSEPH was walking at or near the intersection of Union Street and Troy Avenue in Brooklyn, New York, when he was stopped by New York City Police Officers, including but not limited to HUERTAS, JENKINS, and AHWAL. JOSEPH was handcuffed and arrested by the officers, and placed in a police vehicle.

11.      JOSEPH was transported to the 71st Precinct, where he was detained for approximately 10 hours before being transported to Central Booking.

12.      JOSEPH was detained at Central Booking for approximately 12 hours before arraignment. JOSEPH was charged with Criminal Trespass in the Third Degree (PL 140.10(A)) and Trespass (PL 140.05), and bail was set at $2,000.00.

13.      JOSEPH was transported to Rikers Island, where he was detained for approximately 3 days before being released on his own recognizance.

14.      Claimant was required to appear in court approximately 3 times before all charges were dismissed on or about November 30, 2012.

## V. FIRST CAUSE OF ACTION
Pursuant to § 1983 (FALSE ARREST)

15.     Paragraphs 1 through 14 of this complaint are hereby realleged and incorporated by reference herein.

16.     That Defendants had neither valid evidence for the arrest of JOSEPH nor legal cause or excuse to seize and detain him.

17.     That in detaining JOSEPH without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the NYPD under the color of State and/or local law. It is alleged that CITY, via their agents, servants and employees routinely charged persons with crimes they did not commit. JOSEPH was but one of those persons.

18.     Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

19.     As a result of the above described  policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.  In addition, the City of New York had and has a policy, custom, and/or practice of detaining persons for an excessive period of time prior to arraignment.

20.     The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of JOSEPH's rights alleged herein.

4

21.  By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of JOSEPH's rights, subjected JOSEPH to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

22.  By reason of the foregoing, JOSEPH suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries.  All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
### Pursuant to § 1983 (MALICIOUS PROSECUTION)

23.  Paragraphs 1 through 22 are hereby realleged and incorporated by reference herein.

24.  That Defendants, with malicious intent, arrested JOSEPH and initiated a criminal proceeding despite the knowledge that JOSEPH had committed no crime.

25.  That all charges against JOSEPH were terminated in his favor.

26.  That there was no probable cause for the arrest and criminal proceeding.

27.  That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of JOSEPH'S rights, deprived JOSEPH of his liberty when they maliciously prosecuted him and subjected him to an unlawful, illegal and excessive detention, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

28.  That upon information and belief, Defendants had a policy and/or custom of maliciously prosecuting individuals despite the lack of probable cause.  Thus, as a result of the above

described policies and customs, JOSEPH was maliciously prosecuted despite the fact that he had committed no violation of the law.

29.    That upon information and belief it was the policy and/or custom of defendant CITY to inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

30.    That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

31.    That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of JOSEPH's rights alleged herein.

32.    That in so acting, Defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

33.    That upon information and belief, in 2012, Defendant CITY had a policy or routine practice of alleging facts against persons for the purpose of charging crimes they did not commit.

34.    That by reason of the foregoing, JOSEPH suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
### Pursuant to § 1983 (DENIAL OF FAIR TRIAL)

35.    Paragraphs 1 through 34 are hereby realleged and incorporated by reference herein.

36.    By fabricating evidence, defendants violated JOSEPH's constitutional right to a fair trial.

37.    Defendants were aware or should have been aware of the falsity of the information used to prosecute plaintiff.

38.    As a result of the above constitutionally impermissible conduct, JOSEPH was caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

## VIII. FOURTH CAUSE OF ACTION
### Pursuant to § 1983 (EXCESSIVE PRE-ARRAIGNMENT DETENTION)

39.    Paragraphs 1 through 38 are hereby realleged and incorporated by reference herein.

40.    That Defendants had no legal cause nor excuse to detain JOSEPH for a prolonged period prior to arraignment.

41.    That Defendants detained JOSEPH excessively prior to arraignment in violation of JOSEPH's civil rights.

42.    That Defendants detained JOSEPH with ill will and/or negligently.

43.    That Defendants should have expeditiously investigated this matter and released JOSEPH.

44.    By reason of Defendant's acts and omissions, Defendants, acting under color of state law and within the scope of its authority, in gross and wanton disregard of JOSEPH's rights, deprived JOSEPH of his liberty when it subjected him to an unlawful, illegal and excessive detention, in violation of his due process rights pursuant to the Fourth and

7

Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

45. That in so acting, Defendant CITY, abused its power and authority as policymaker of the New York City Police Department under the color of State and/or local law.

46. That upon information and belief, in 2012, Defendant CITY had a policy or routine practice of detaining and imprisoning individuals for excessive periods prior to arraignment.

47. That upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately train and supervise their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

48. That as a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

49. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant NYPD to the constitutional rights of arrestees and were the cause of the violations of JOSEPH's rights alleged herein.

50. That Defendant, through its officers, agents and employees, unlawfully incarcerated JOSEPH for an excessive period of time prior to arraignment.

51. By reason of the foregoing, JOSEPH suffered mental injuries, economic injury, deprivation of property, liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

8

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, JOSEPH has suffered and will continue to suffer economic injuries, physical pain, emotional pain, suffering, permanent disability, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, JOSEPH respectfully requests that judgment be entered:

1.   Awarding JOSEPH compensatory damages in a full and fair sum to be determined by a jury;

2.   Awarding JOSEPH punitive damages in an amount to be determined by a jury;

3.   Awarding JOSEPH interest from August 21, 2012;

4.   Awarding JOSEPH reasonable attorney's fees pursuant to 42 USC § 1988; and

5.   Granting such other and further relief as to this Court deems proper.

Dated: Brooklyn, New York
       March 12, 2014

DAVID A. ZELMAN, ESQ.
(DZ 8578)
612 Eastern Parkway
Brooklyn, New York 11225
(718)604-3072